IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         Case No. 18-10060-03-JWB

TRAVIS J. KELLER,

    Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's pro se motion for judicial relief. (Doc. 114.) Defendant moves for the court to order the Bureau of Prisons ("BOP") to credit time that Defendant served in the county jail after appearing in federal court on a writ from state custody. Defendant also seeks an amended judgment recommending to the BOP that Defendant be enrolled in drug treatment while incarcerated.

Under 18 U.S.C. § 3585(b)(1), "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences…as a result of the offense for which the sentence was imposed." However, Defendant cannot be credited for time that was "credited against another sentence." *Id.* The sentence calculation, however, is performed by the BOP, not the court. *United States v. Meindl*, 269 F. App'x 849, 851 (10th Cir. 2008) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992)). If Defendant disagrees with the calculation, Defendant can seek judicial review after exhausting his administrative remedies. *See Wilson*, 503 U.S. at 335 ("Federal regulations have afforded prisoners administrative review of the computation of their credits, and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." (citations omitted)). The remedy program is set forth at 28 C.F.R. §§ 542.10 to 542.19. *Reed v.*

*United States*, 262 F. A'ppx. 114, 116 (10th Cir. 2008). Defendant does not state that he has exhausted this issue with the BOP. Defendant may seek review of a calculation only after exhausting his administrative remedies. *Id.*

Therefore, this court lacks jurisdiction over Defendant's motion to the extent Defendant requests a sentence computation for time served.

Defendant also moves for the court to amend the judgment and include a recommendation for drug treatment. The BOP determines whether an inmate may participate in such programs. *United States v. McAllister*, 608 F. App'x 631, 636 (10th Cir. 2015) (citing *Tapia v. United States*, 564 U.S. 319, 330-31 (2011) (BOP has plenary control over treatment programs for prisoners). In any event, Defendant has failed to identify a statute or rule which would provide a basis for the relief sought. Fed. R. Crim. P. 36 allows the court to correct a clerical error in a judgment at any time. This is not a clerical error. Defendant may make this request to the BOP.

Defendant's motion (Doc. 114) to amend the judgment is DENIED. Defendant's motion for credit for time served (Doc. 114) is DISMISSED FOR LACK OF JURISDICTION.

IT IS SO ORDERED this 19th day of July, 2019.

                                              __s/ John W. Broomes_____
                                              JOHN W. BROOMES
                                              UNITED STATES DISTRICT JUDGE