IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                 Case No. 18-10060-03-JWB

TRAVIS J. KELLER,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's pending motion for judicial relief. (Doc. 121.) Because a review of the motion and the record shows the court has no jurisdiction to grant the requested relief, the motion for relief is DISMISSED.

After Defendant pled guilty to one count of possession of stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), the court sentenced him to a term of imprisonment of 57 months. Judgment was entered on October 11, 2018. (Doc. 93.) No direct appeal was taken. On July 15, 2019, Defendant filed a motion for relief asking for credit on his sentence and a recommendation for placement in a drug treatment program. (Doc. 114.) The court denied the request in part and dismissed it in part for lack of jurisdiction. (Doc. 115.)

Defendant now again moves for relief, asserting that a 2-level enhancement under USSG § 2K2.1(b)(1)(A), which was factored in his guideline sentencing range,[1] precludes him from participation in the Bureau of Prisons' Residential Drug Abuse Program (RDAP). (Doc. 121 at

---

[1] The 2-level enhancement was applied because the offense involved three firearms. (Doc. 88 at 11.) Defendant's guideline sentencing range was determined to be 57-71 months. (*Id.* at 23.) Neither party filed any objection to the Presentence Report, and the parties jointly requested imposition of the 57-month sentence. (Doc. 65 at 2.)

1.) Defendant's motion does not argue the enhancement was unlawfully applied; it "requests dispensation" of the enhancement so Defendant can participate in the RDAP program. (*Id.* at 2.)

After entry of a final judgment, a federal district court has jurisdiction only to the extent permitted by statute or rule. *United States v. James,* 729 F. App'x 818, 822 (10th Cir. 2018). There is no applicable rule or statute giving the court jurisdiction to grant the relief Defendant seeks. Defendant's motion is not a collateral attack on his sentence (28 U.S.C. § 2255), it does not meet the requirements of 18 U.S.C. § 3582(c), and it is not a clerical error or oversight subject to revision under Fed. R. Crim. P. 36. Nor does the court have jurisdiction under Fed. R. Crim. P. 32 to alter or amend a Presentence Report in the manner requested by Defendant. *United States v. Fykes,* 733 F. App'x 950, 952 (10th Cir. 2018).

IT IS THEREFORE ORDERED this 3rd day of January, 2020, that Defendant's motion for judicial relief (Doc. 121) is DISMISSED FOR LACK OF JURISDICTION.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE